Wilcox & Barber v. Davis et als.

---

WILCOX & BARBER, Appellants, *vs.* F. A. W. DAVIS, impleaded with ALLEN PIERSE, *et al.*, Respondents.

APPEAL FROM THE DISTRICT COURT OF RAMSEY COUNTY.

[For Syllabus, see *Davis vs. Pierse, et als., ante p.* 13.]

This cause being at issue in the District Court of Ramsey County, the Plaintiffs Wilcox & Barber served a supplemental complaint, containing substantially the same averments as in the "supplemental answer" served in the case of *Davis v. Pierse, et als., ante p.* 14.

An order was also made and entered in the cause staying all proceedings on the part of the Defendant Davis, except such as were necessary to the formation and trial of the issue tendered by the supplemental complaint.

The Defendant Davis demurred to the supplemental complaint.

The Plaintiff, after the filing of the supplemental complaint, and after twenty days had elapsed from the date of service thereof, gave notice of an application for the relief demanded in the complaint.

This application, and the demurrer to the supplemental complaint, were brought on for argument at the same time. The Court below overruled the demurrer, and at the same time denied the application for judgment.

The following is a copy of the decision of the Court below upon the demurrer and motion for judgment:

"1. Demurrer to supplemental complaint.

"2. Motion for the relief demanded in the complaint.

"The demurrer in this case must follow the decision in the case of *Davis vs. Pierse et al.*, and for the same reasons. I deem it competent for the legislature to provide that in case it shall be proved or admitted that a Defendant is in rebellion, further proceedings in the action shall be stayed until the rebellion cease. But I think the force and scope of the law must stop here, and hence the motion for relief on the part of the Plaintiff must be denied.

A good issue was joined in this action before the law of last winter was enacted. "That issue still remains of record in the action untried and undetermined. With what show of reason, justice or law can it be disregarded? Upon what basis of right and equity does a law rest, which would arbitrarily expunge or override such issue and allow judgment to be entered as upon default? There is no default on the merits and there can be none except in relation to further proceedings upon the issue thus joined. No default as to any new issue can change the record already made up, or weaken the legal effect of the allegations it discloses. The legislature cannot invade the judicial department and obliterate a portion of its records, and direct a judicial officer to proceed as if no such record had been made.

Wilcox & Barber v. Davis et als.

It may, as we have seen, in times like the present, to answer great public interests, and from motives of public policy, inflict a temporary disability upon certain parties, but it cannot tie up one party to an action previously commenced and in which issue has been duly joined, and then authorize the other party to the same action to proceed as if there had been a default.   Such a law in its practical effects would amount to a private confiscation bill for the benefit of individual Plaintiffs.   It would seem that whoever is liable to be sued, has the right to be heard in defence.   Even criminals of the deepest dye enjoy this right, and I do not know that the power exists in any department of our Government to take it away; were the Defendant Davis a convicted traitor, instead of a rebel not yet arrested, and a civil action were brought against him, I do not know upon what principle he could be deprived of his right to interpose a defence; not upon the ground of non-intercourse with alien enemies, because the suit would not be inaugurated by him, and the fact of service would show him presumptively within the jurisdiction; not upon the ground that aid and comfort would thereby be offered to a public enemy, because he would not be seeking to enforce a claim and so take money out of the loyal into the rebellious States; but only to defend against a claim made upon him; not upon any known legal or just ground could such a right be claimed. Nowhere is it denied where laws exist and sworn officers are provided to administer them.

"If the Plaintiffs desire a stay of proceedings in this action they can have it in view of the new issue made and determined by the admissions of the demurrer, but they must not expect that such a stay will determine or affect the issues previously made.   They cannot be allowed to confine the Defendant so that he cannot stir, and then ask the Court to consider him in default, strike out his defence and render judgment as if none had been made.   A right to defend co-exists with the liability to be sued, and a suspension of the former carries with it an exemption from the latter. The fact that the Defendant Davis is a rebel or a traitor does not give Messrs. Wilcox & Barber any right to his property, or to a judgment which may sweep it away; nor does it justify the Court in

Wilcox & Barber v. Davis et als.

disregarding the issues on the record and ejecting the Defendant from the case for all purposes of defence, while still retaining sufficient jurisdiction of his person to render judgment against him on the merits. Surely, never before was such a proceeding attempted; excluding one party from our Courts, pre-supposes an exclusion of all actions against that party; for it would be a mockery of justice to call a man into Court by legal process, to answer a claim, when by legal enactment he was expressly prohibited from obeying. No authorities are cited by the Plaintiffs herein, and it is believed that none exist. The claim is not supported by reason, justice nor necessity, and the motion must be denied. The action must stand without either party being allowed to proceed, unless the Plaintiffs consent to withdraw their supplemental complaint and elect to proceed on the merits."

Points and Authorities for Appellants.

I.—The regulation of the pleadings, practice and proceedings in our Courts, and of the force and effect of such pleadings and proceedings, as well as of their records, is a sovereign power vested exclusively in the legislature, and its exercise is limited only by the legislative will. *Const. of Minn., art.* VI, *sec.* 14; *Smith's Com. on Const. Conts,* 259-60-61-62-63, *secs.* 134-35, *p.* 266; *ib.,* 510-11, *sec.* 354; *also p.* 570; *sec.* 235, 758-9.

II.—That no proceedings or pleadings, except such as may be necessary for the formation and trial of the issue provided for in the act, entitled "An Act suspending the privileges of all persons aiding the rebellion against the United States, of prosecuting and defending actions and judicial proceedings in this State," approved February 14, 1862, are allowable in the supplemental proceedings under said act.

III.—That said act is not in conflict with any provision of the Constitution of the State or of the United States. *Ward vs. Morris,* 4 *Har. & McHen.,* 541; *Campbell vs. Morris,* 3 *ib.,* 554; *Murray vs. McCarty,* 2 *Munf.,* 398.

IV.—That an order, staying all proceedings on the part of the Defendant in said action, except such as were necessary

for the formation and trial of the issue tendered by the supplemental complaint, having been entered and served on the Defendants' attorneys prior to the interposition or service of his demurrer, such demurrer could not be properly entertained so long as said order remained unrescinded and in force.

V.—That the interposition of the demurrer by the Defendants' attorneys, while the order staying proceedings remained on the records, was a contempt of Court; and the Court below erred in refusing to dismiss the demurrer.

VI.—That the Defendant having failed to answer the supplemental complaint within twenty days, was in default, and the Plaintiffs, under the act of Feb. 14, 1862, were entitled to the relief demanded in this complaint.

D. COOPER, Counsel for Appellants.

VAN ETTEN & OFFICER, Counsel for Respondents.

*By the Court*—EMMETT, C. J.—This is a case, in which, after issue had been joined between the parties to this appeal, the Plaintiffs served a supplemental complaint, under the provisions of the act of February 14, 1862, entitled " An Act suspending the privilege of all persons aiding the rebellion against the United States, of prosecuting and defending actions, and judicial proceedings in this State," in which it was. alleged that Davis, one of the Defendants, on the day said act was passed, was a citizen of the State of Mississippi, and that said State was then and had ever since been in rebellion against the United States; and thereupon an order was entered by the clerk staying all further proceedings by said Defendant, except such as related to the issue tendered by said supplemental complaint. To the supplemental complaint a demurrer was interposed, but the Plaintiffs returned the copy served on them refusing to notice the demurrer further; and after the expiration of twenty days, moved the Court to grant them the relief demanded in the original complaint. The motion and demurrer were both heard at the same time. The Court overruled the demurrer, but refused to grant the motion for relief, or for judgment; and entered an order staying

all proceedings without day, unless the Plaintiffs would consent to withdraw their supplemental complaint and elect to proceed on the merits. From this order the Plaintiffs appealed to this Court.

In the opinion filed by the judge below, he held, that although he considered the statute as valid, so far as to suspend the right to commence and prosecute actions by persons engaged in the existing rebellion, yet that the right to defend an action co-exists with the liability to be sued; that to hold otherwise would be to turn the law into a private confiscation act for the benefit of individual Plaintiffs; that although the Defendant may have even forfeited all his property by his treasonable conduct, yet that would give the Plaintiffs no right to his property nor to a judgment by which it might be swept away; and that it was but a mockery of justice to require a person, by process of the Courts, to appear and answer to a claim made against him, and then to deny him a hearing after he has thus been brought into Court.

There would be ample grounds for the distinction in favor of Defendants, which the learned judge made in this case, even if the act above named were in other respects valid; but as the case depends in other respects upon the same questions that were determined in *Davis vs. Pierse et al.*, heard at this term, and is involved in the decision therein rendered; we can affirm the order appealed from, so far only as it denies the motion for relief, or for judgment; and must reverse it in so far as it directs a stay of proceedings—it being our intention to leave the parties in the precise condition occupied by each immediately before the supplemental complaint was interposed.